**Carol KOLSTI et al., Relators,**

v.

**Calvin R. GUEST et al., Respondents.**

**Motion No. 15825.**

Court of Civil Appeals of Texas, Austin.

April 7, 1978.

Randall B. Wood, Ray & Wood, Austin, for relators.

R. C. Slagle, III, Sherman, for Calvin Guest and The State Democratic Executive Committee.

Shannon H. Ratliff, McGinnis, Lochridge & Kilgore, Austin, for intervenor Texas Thoroughbred Breeders Ass'n, Inc.

PER CURIAM.

Relators have filed a motion for leave to file an original proceeding in this Court to enjoin the Chairman of the State Democratic Executive Committee of Texas and the State Democratic Executive Committee

1. Cf. Article 44.02, V.A.C.C.P., as amended in the Acts of 1977, 65th Leg., P. 940, Ch. 351, Sec. 1, effective August 29, 1977.

from including on the primary ballot of the Democratic Party a referendum issue. The referendum issue inquires whether the voter is for or against the next Legislature enacting legislation permitting pari-mutuel wagering on horse races subject to local county option. Relators are Carol Kolsti, Harold Hammett, and Mary Jo Spradlin.

Also, Relators have filed an appeal in this Court from the order of the district court of Travis County dismissing for want of jurisdiction their suit filed in that court.

On March 13, 1978, the State Democratic Executive Committee met to determine the composition of the ballot. The Committee was presented with petitions which ostensibly contained more than 76,065 signatures requesting that the referendum issue appear on the primary ballot. The Committee adopted a resolution authorizing a ballot which included the referendum issue. Relators filed their suit in the Travis County district court on March 23, 1978. The basis for the suit was that the petitions presented to the Committee contained insufficient valid signatures to require the Committee to place the issue on the ballot. Tex.Election Code Ann. art. 13.33 (1967). The district court entered a temporary restraining order, but thereafter dismissed the cause upon the basis that it was without jurisdiction to entertain the suit.

Relators ask this Court to enjoin the Chairman and the Committee from including the referendum issue on the ballot, pending the disposition of the appeal by this Court on its merits in order to protect the jurisdiction of this Court.

We will deny the motion for leave to file the petition for writ of injunction. It is beyond the powers of the courts to enjoin an election or any incident to it, although the election may be called without authority and therefore absolutely void. *City of Austin v. Thompson*, 147 Tex. 639, 219 S.W.2d 57 (1949). An election is essentially the exercise of political power, and during its progress, is not subject to judicial control. *Leslie v. Griffin*, 25 S.W.2d 820 (Tex.Com.App.1930). When it is said that elections are beyond the control of the judi-

cial power, it is meant that the whole election, including every step and proceeding necessary to its completion, is exempt from judicial interference. *City of Dallas v. Dallas Consolidated Electric Street Railway Co.*, 105 Tex. 337, 148 S.W. 292 (1912); *Pickard v. Castillo*, 550 S.W.2d 107 (Tex.Civ. App.1977, no writ). The courts have refrained from interference in party primaries for essentially the same reasons. See *Hamilton v. Davis*, 217 S.W. 431 (Tex.Civ. App.1920, writ ref'd).

Relators recognize the rule announced in *City of Austin v. Thompson, supra*, but claim in their brief that the " . . . rule has long since been abandoned." As authority for the proposition that the rule of noninterference has been abandoned, Relators list *Thiel v. Harris County Democratic Executive Committee*, 534 S.W.2d 891 (Tex. 1976); *Lee v. Daniels*, 377 S.W.2d 618 (Tex. 1964); *Kirk v. Gordon*, 376 S.W.2d 560 (Tex. 1964); *Willis v. Potts*, 377 S.W.2d 622 (Tex. 1964); and *Gilmore v. Waples*, 108 Tex. 167, 188 S.W. 1037 (1916).

Relators' cases involve primarily the right of a candidate to have his name appear on the ballot against a contention that he was, for some reason, ineligible. Those cases involve original proceedings in mandamus filed in the Supreme Court, and the Court entertained the proceedings and directed various political officials to omit the names of candidates from the ballot. Those cases, with the exception of *Gilmore v. Waples, supra*, do not refer to the rule of noninterference by the courts in the exercise of political power.

Since at least 1919, the law has been that no ineligible candidate may have his name placed upon the ballot at any primary, general, or special election. Tex.Laws 1919 ch. 40 § 1, at 97; now appearing at Tex.Election Code Ann. art. 1.05 subdiv. 4 (1967). Contrary to Relators' argument, their cases do not indicate an abandonment by the Supreme Court of its pronouncement in *City of Austin v. Thompson, supra*, but instead, reflect the charge of art. 1.05 subdiv. 4.

The motion for leave to file the petition for writ of injunction is denied.