Lyndon H. LaROUCHE, Jr. and Democrats for Economic Recovery—LaRouche in '92, Relators,

v.

The Secretary of State, John HANNAH, Jr., the Democratic Party of Texas, the Texas State Democratic Executive Committee and the Texas State Democratic Chairman, Bob Slagle, Respondents.

No. D–1988.

Supreme Court of Texas.

Jan. 23, 1992.

---

J. Patrick Wiseman, Wiseman, Durst & Tuddenham, Austin, for relators.

Harold D. Hammett, Fort Worth, Bob Slagle, John Hannah, Paul Schorn and Dan Morales, Atty. Gen., Austin, for respondents.

PER CURIAM.

In this original proceeding, Lyndon LaRouche, Jr. and his campaign organization, "Democrats for Economic Recovery—LaRouche in '92," seek mandamus relief to require the placement of LaRouche's name on the ballot for the 1992 Texas Democratic General Primary. We conditionally grant, in part, the requested relief.

In his petition, LaRouche states that he is seeking the Democratic Party nomination for President of the United States. To that end, LaRouche completed an application for a place on the Texas Democratic Party 1992 general primary ballot. On January 2, 1992, LaRouche submitted the application, along with the requisite fee, to Bob Slagle, Chairman of the State Democratic Executive Committee, who stamped it "filed."

After the filing of the application, Slagle reportedly determined that LaRouche was ineligible for placement on the primary ballot on the ground that LaRouche is a convicted felon. See Tex.Elec.Code § 141.-001(a)(4).[1] Slagle therefore refused to certify LaRouche's name for placement on the primary ballot. See Tex.Elec.Code § 172.-028(a).[2] LaRouche then brought this mandamus proceeding, claiming that Slagle's refusal to certify his name violates his constitutional and statutory rights to appear as a candidate on the primary ballot. LaRouche asks that we order Slagle, the Democratic Party of Texas, and the Texas State Democratic Executive Committee (collectively "Slagle") to certify LaRouche's name for placement on the ballot. LaRouche also asks that we order the Texas Secretary of State to accept LaRouche's certification, and to prescribe appropriate forms and procedures to ensure LaRouche's certification.

Slagle now acknowledges that the United States Constitution establishes the exclusive requirements for the office of the President, and that those requirements make no reference to criminal convictions. U.S. Const. art. II, § 1, cl. 4; see, e.g., Gordon v. Secretary of State, 460 F.Supp. 1026, 1027 (D.N.J.1978). He therefore concedes that LaRouche is entitled to appear on the primary ballot, but suggests that mandamus relief is inappropriate in the present circumstances.

■ Slagle first notes that this court does not have exclusive original jurisdiction over this dispute, citing Sears v. Bayoud, 786 S.W.2d 248 (Tex.1990). In Sears, we considered the application, in the context of an election mandamus, of the general rule that mandamus relief should first be sought in the court of appeals. Id. at 249; see Tex.R.App.P. 121(a)(1). Because of the

---

1. But see Tex.Elec.Code § 141.001(c) ("Subsection (a) does not apply to an office for which the federal or state constitution or a statute outside this code prescribes exclusive eligibility requirements.")

2. "Except as provided by Subsection (c), the state chairman shall certify in writing for placement on the general primary election ballot the name of each candidate who files with the chairman an application that complies with Section 172.021(b)."

impending election, we concluded that the relator's claim fell within the narrow exception providing that, for a "compelling reason," a mandamus proceeding need not first be filed in the court of appeals. *Sears*, 786 S.W.2d at 249 n. 1.; *see* Tex. R.App.P. 121(a)(1). The same considerations apply here. Early voting in the March 10 primary election begins on February 19, 1992, *see* Tex.Elec.Code § 85.001(a); and by Slagle's own account, printing of the ballots has already begun. Thus, this case presents the same urgency that led to our exercise of jurisdiction in *Sears*.

■ Slagle argues that this case, unlike *Sears*, involves factual disputes which should be resolved in district court in Travis County. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex.1990). The issue he suggests concerns the extent to which the election is underway: Slagle asserts that a large number of the ballots for the primary election have already been printed, and argues that this court should not interfere with an election once it is in process. *See Kolsti v. Guest*, 565 S.W.2d 556 (Tex.App.—Austin 1978, no writ).

The factual issues discussed in *Brady* were categorically different from the factual issue Slagle suggests. In *Brady*, we held that mandamus relief was inappropriate because any resolution of the case on its merits required extensive factual determinations. *See id.*, 795 S.W.2d at 714. Here, though, resolution of the case on its merits requires no factual determinations. The fact that the printing of ballots has begun does not extinguish LaRouche's right to appear on those ballots. At least until absentee balloting has actually begun, this court is obligated to enforce the constitutional and statutory provisions governing

access to the ballot if possible. *Sears*, 786 S.W.2d at 249–50; *see* Tex.Elec.Code § 273.061.[3]

Section 172.028 of the Texas Election Code imposes on the state party chairman the mandatory duty to "certify in writing for placement on the general primary election ballot" the name of each candidate meeting the statutory requirements for certification. Since Slagle has failed to fulfill that duty, we conclude that LaRouche is entitled to mandamus relief.[4] *See Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593, 602 (Tex.1975).

■ As to the Secretary of State, John Hannah, Jr., LaRouche bases his claim for mandamus relief on three other sections of the Texas Election Code: section 191.003, which requires the state chairman to deliver the certification of candidates to the secretary of state; section 191.004(a), which requires the secretary of state to prescribe the form of the ballot; and section 191.005(c), which requires the secretary of state to prescribe "any additional procedures necessary for the orderly and proper administration of the presidential primary election." None of these provisions supports mandamus relief against Hannah. Since Slagle has not yet certified LaRouche, Hannah cannot have violated any duty under section 191.003 to accept LaRouche's certification. Nor has Hannah violated any clear, non-discretionary duty under the other two sections. We expect, of course, that Hannah will fulfill his statutory duties once LaRouche is certified.

A majority of the court grants leave to file the petition for writ of mandamus and, without hearing oral argument, conditionally grants the petition for writ of mandamus against Slagle.[5] Tex.R.App.P. 122. The

---

**3.** "The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer."

**4.** LaRouche contends that Slagle has also violated other provisions in the Election Code; namely, sections 141.032(e) (requiring notice of rejec-

tion of application) and 145.003(h) (requiring notice of declaration of ineligibility). Our ruling on section 172.028, however, makes consideration of those provisions unnecessary.

**5.** Since section 172.028 refers only to "the state chairman," we grant mandamus relief only as to Slagle, in his capacity as Chairman of the Texas Democratic Party, and not against the State Democratic Executive Committee or the Democratic Party of Texas.

writ will not issue unless Slagle fails to notify the Clerk of this court, in writing, by 12:00 noon on January 24, 1992, that he has certified LaRouche's name on the general primary election ballot in conformance with section 172.028 of the Texas Election Code. We decline to issue mandamus relief against Hannah.