**Phil BIRD, Democratic Nominee for State Representative, District 108, Dallas County, Texas, Relator,**

v.

**Bruce ROTHSTEIN, Chairman, District 108 Executive Nominating Committee of the Democratic Party; and Antonio O. Garza, Jr., Secretary of State for the State of Texas, Respondents.**

No. 96–0910.

Supreme Court of Texas.

Oct. 2, 1996.

W. Michael Bonesio, Dallas, for Relator.

Bob Driegert, Charles W. Sartain, Dallas, Carolyn Galloway, University Park, Antonio O. Garza, Jr., Dan Morales, Christine Guerra Edwards, Thomas W. Pauken, Austin, Bruce Rothstein, Dallas, for Respondents.

SPECTOR, Justice, delivered the opinion of the Court, in which PHILLIPS, Chief Justice, GONZALEZ, HECHT, ENOCH, BAKER and ABBOTT, Justices, join.

In this original proceeding, Phil Bird seeks mandamus relief to require that his name be placed on the ballot as the Democratic nominee for state representative in House District 108. The issue is whether Bird is entitled to relief in light of our recent opinion in *Davis v. Taylor,* 930 S.W.2d 581 (Tex.1996). We conditionally grant in part the requested writ of mandamus.

The Honorable John Carona, the incumbent state representative for District 108, was the Republican nominee for the position when he withdrew to fill a senate seat. It is undisputed that, upon Carona's withdrawal, the Democratic party was entitled to nominate a candidate for the seat. *See* TEX. ELEC.CODE § 145.036(b).

On September 3rd, the District 108 Democratic Executive Committee met and nominated Phil Bird for the House seat. The Committee's chair, Bruce Rothstein, filled out and acknowledged a form certifying Bird's candidacy. Rothstein did not, however, deliver the form to the Secretary of State, as section 145.037 of the code requires. *See Davis,* 930 S.W.2d at 582–583. Instead, he gave the form to the county party chair, Lisa Payne.

Payne filed the form with the Dallas County election clerk. She also attempted to fax the form to the Secretary of State on September 6th, the filing deadline under section 145.037. The Secretary of State did not receive the fax. On September 10th, sixty-six days before the election, Payne learned that Bird's name was not on the ballot. She immediately contacted the Secretary of State's office and was informed that the September 6th facsimile had never been received and that Bird's name would not be certified for inclusion on the ballot. Nevertheless, that same day, she faxed the Secretary of State another copy of the certification. The next day, September 11th, the statutory deadline for the Secretary of State to certify the ballot, the Secretary of State certified the ballot without including Bird's name. On September 17th, the Secretary of State rejected the certification as untimely. The day we released our decision in *Davis,* September 25th, Payne wrote the Secretary of State again, arguing that the Secretary of State should, under *Davis,* accept the certification of Bird's candidacy. Two days later, the Secretary of State responded, rejecting that contention.

On September 30th, Bird filed a motion for leave to file a petition for writ of mandamus in this Court. Bird asks us to order Rothstein and, additionally or alternatively, the Secretary of State to certify Bird's candidacy. In response to Bird's request for temporary emergency relief, we issued an order directing the Secretary of State to notify election officials in District 108 to stop printing and mailing ballots pending further order of this Court. 40 TEX. SUP.CT. J. 3 (September 30, 1996).

■ Bird argues, first, that compelling circumstances excuse his failure to first seek relief in the court of appeals. *See* TEX.R.APP. P. 121(a). We agree that the imminence of the election places this case within the narrow class of cases in which resort to the court of appeals is excused. We therefore exercise our jurisdiction.

*Davis* is on all fours with this case; in fact, the delivery of a proper certification in this case before the Secretary of State's statutory

deadline to certify the ballot presents an even stronger case for relief than *Davis.* In *Davis,* we conditionally granted mandamus to a judicial candidate who was in a position similar to Bird's. In doing so, we relied on a long line of cases in which we have given precedence to ballot access over rigid adherence to statutory deadlines when a candidate is deprived of a place on the ballot through no fault of the candidate's. *Davis,* 930 S.W.2d at 583. Like the candidate in *Davis,* Bird has been deprived of a place on the ballot through no fault of his own. Instead, Bird has been denied his right to a place on the ballot because a party official failed to timely perform his duty and the Secretary of State refused to accept the certification even in light of our opinion in *Davis.*[1] The Secretary of State's refusal to abide by *Davis* is difficult to understand.

■ The Secretary of State argues that Bird is not entitled to relief in this case because he delayed too long in seeking judicial recourse. We have in the past, however, ordered the Secretary of State to certify a candidate entitled to a place on the ballot within thirty-one days of an election. *Sterling v. Ferguson,* 122 Tex. 122, 53 S.W.2d 753, 763 (1932). Here, thirty-four days remain before the election. In another case, we granted mandamus relief even though a large number of ballots in that statewide race had already been printed. *LaRouche v. Hannah,* 822 S.W.2d 632, 634 (Tex.1992). We noted that the candidate was entitled to a remedy "[a]t least until absentee balloting has actually begun...." *Id.; see also* TEX. ELEC.CODE § 141.034 (establishing the day before the beginning of absentee voting by personal appearance as the deadline for challenging applications for a place on the ballot for noncompliance with formal and procedural requirements). Absentee balloting by personal appearance does not begin until October 16th in this election. TEX. ELEC.CODE § 85.001(a). Given the important interests at stake here, we decline to hold that laches or any similar doctrine bars Bird's right to relief under these circumstances.

■ Moreover, the Secretary of State's refusal to follow *Davis* accounts for part of the delay in the election process. Our usual practice when a party has been shown to be entitled to mandamus relief is not to issue the writ until the respondent has failed to comply with our opinion. We followed this practice in *Davis,* and we do so again today, although we are concerned about the Secretary of State's refusal to act until ordered to do so. Accordingly, we conditionally grant the petition for writ of mandamus and order the Secretary of State to certify Bird's candidacy. A writ of mandamus will issue only in the event he fails to do so.

OWEN, Justice, joined by CORNYN, Justice, filed a dissenting opinion.

OWEN, Justice, filed a dissenting opinion in which CORNYN, Justice, joins.

I respectfully dissent. I would conditionally grant mandamus relief in this case, however the order should be directed to Bruce Rothstein, the district committee director, not the Secretary of State. The Secretary of State is not empowered to extend the deadlines set out in the Election Code. Where a party official has failed to comply with his or her statutory duties, the Election Code gives the authority to courts of appeals and to this Court to issue writs of mandamus that extend deadlines, but that authority does not reside with the Secretary of State. TEX. ELEC.CODE § 273.061.

The Court expresses its dismay that the Secretary of State did not simply read our recent decision in *Davis v. Taylor,* 930 S.W.2d 581 (Tex.1996), and take it on himself to accept the filing of a certificate under section 145.037(e) of the Election Code, even though that filing was not received by the statutory deadline. 930 S.W.2d at 587–588. In *Davis,* we held that the candidate was

---

**1.** In *Davis,* the district committee chair's late certification did not comply with other requirements of section 145.037. The certification was also delivered on September 12th, the day after the date the Secretary of State was required to, and did, certify candidates for office under section 161.008(b) of the Election Code. In this case, Payne delivered a properly acknowledged and completed certification form to the Secretary of State on September 10th, the day before the deadline.

entitled to a writ of mandamus directing a party official to comply with the statutory requirements for certification, and we extended the deadline otherwise applicable under the Election Code to allow the party official to perform his duties. 930 S.W.2d at 584. We did not mandamus the Secretary of State. The Secretary had no authority to accept a late filing until the deadline had been extended by a court of law. *See also LaRouche v. Hannah*, 822 S.W.2d 632, 634 (Tex.1992) (declining to issue writ of mandamus against the Secretary of State).

There is no difference between this case and the *Davis* case. Until there has been a determination that the party official failed to comply with the statutes, and that all the other requirements for the issuance of extraordinary relief are present, mandamus relief cannot be issued by a court, much less the Secretary of State. It was through the extraordinary measure of mandamus that the deadlines in the Election Code were extended in *Davis*. The Legislature has seen fit to expressly grant mandamus authority to the courts of appeals and to this Court to compel election officials to perform their duties, TEX. ELEC.CODE § 273.061, but that authority has not been given to the Secretary of State. The kinds of determinations that must be made in cases of this nature historically have been made by courts. The Secretary of State should not be encouraged, much less required, to determine when a court would have issued mandamus and to then sua sponte accept untimely filings.

The Court seems to draw a distinction between this case and *Davis* because here, the committee chair did file a certificate in the proper form before the *Secretary's* deadline for certifying candidates, which was September 11, fifty-five days before the election. TEX. ELEC.CODE § 161.008. But the missed deadline was not the Secretary of State's deadline; it was September 6, the deadline applicable to party officials such as Rothstein under section 145.037 of the Texas Election Code. The filing on September 10 came too late for the Secretary of State to place Bird on the ballot. It is difficult to see how these facts distinguish this case from *Davis*.

In the wake of our decision in *Davis* and under prior decisions of this Court, it is clear that when circumstances such as the ones present in this case arise, candidates are entitled to mandamus relief against party officials who fail to carry out their statutory duties. The *Davis* decision does not translate into a directive to or authority for the Secretary of State to accept late filings. The Secretary of State is simply not empowered to do so.

For these reasons, I cannot join the Court's opinion.