January 2, 2015

TO: Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa Suite 3200
San Antonio, TX 78205-3037

FROM: Justin Emar Moore # 1763949
Ellis Unit
1697 FM 980
Huntsville, TX 77343

RE: 04-14-00863-CR In re Moore v. Hon. Mary Roman  175th Dist. Court

Dear Clerk,

   Please find enclosed a motion for rehearing to be filed in the above original mandamus proceeding. Please file the motion at your convenience with the court.

   By copy of the same, the Honorable Mary Roman has been served through the Bexar County District Clerk's office.

   I thank you for your time and attention to my request.

                                        Respectfully,

                                        Justin E. Moore

enclosure
cc:file
Hon. Mary Roman

FILED
IN THE COURT OF APPEAL
AT SAN ANTONIO, TX
2015 JAN -7 PM 12: 21
KEITH E. HOTTLE, CLERK

NO. 04-14-00863-CR

IN THE

FOURTH COURT OF APPEALS

AT BEXAR COUNTY, TEXAS

IN RE JUSTIN EMAR MOORE, RELATOR,

v.

HONORABLE JUDGE MARY ROMAN,

175th JUDICIAL DISTRICT COURT,

AT BEXAR COUNTY, TEXAS

RELATOR'S MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, Justin Emar Moore, Relator, pro se and files this motion for rehearing under Tex. R. App. P. 52.9, asking this court to reconsider it's order.

ISSUE PRESENTED:

THE COURT OF APPEALS ERRED IN FINDING THAT IT WAS WITHOUT JURISDICTION

TO HEAR RELATOR'S PETITION FOR MANDAMUS.

ARGUMENT AND AUTHORITIES:

The Relator respectfully requests that the court reconsider dismissing his petition for writ of mandamus for lack of jurisdiction. This court received the petition on December 11, 2014. On December 19, 2014, this court dismissed it for lack of jurisdiction. This motion for rehearing is filed within the 15-days as set forth in Tex. R. App. P. 52.9.

According to the order of this court, the court would issue an opinion at a later date. As of the date of this motion for rehearing, Relator is unaware of any opinion that has been handed down in this case, and as such, unable to ascertain the

1.

factual and/or legal reasoning this court used in its analysis. However, Relator offers argument and reasoning from what he believes to be the reasoning this court dismissed the petition for lack of jurisdiction, in order for this court to properly evaluate whether or not rehearing is warranted.

First, this court's order notated that this was an original mandamus proceeding at the upper portion of it's order with a footnote of "1." This footnote reads:

> "[1]This proceeding arises out of Cause No. 2010CR4143, styled The State of Texas v. Justin Emar Moore, [pending] (sic) in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding."

Order at cover, dated December 19, 2014, by Sandee Bryan Marion, Justice. Relator contends that this court has mistakenly assumed that the cause number 2010CR4143 is an active case in the 175th District Court. However, this is in err. Relator was tried and convicted in this court on January 13, 2012 in cause number 2010-CR4143. An appeal was taken to this court in appeal cause number 04-12-00043-CR, styled Justin Emar Moore v. State of Texas. This court affirmed the trial court's judgment on January 9, 2013. Relator petitioned for discretionary review in the Court of Criminal Appeals, which was refused on April 24, 2013. Relator sought to file a petition for writ of certiorari to the United States Supreme Court on July 23, 2013 and that was denied on November 15, 2013. Thus, for the purposes of finality, Relator's conviction became final when the United States Supreme Court denied the writ of certiorari. Therefore, this case is not pending for any pre-trial or trial matters.

To the extent this court was referring to "pending" litigation in the 175th Judicial District Court, Relator would presume this court meant it had no jurisdiction over the mandamus relating to Relator's seeking his trial records, as Relator did not attach the trial court's order denying the records request he made under his Art. 11.05 request; see also Tex. R. App. P. 52.3(k)(1)(A). Relator hereby incorporates by reference and for all purposes Exhibit "1," trial court order

2.

dated November 19, 2014. At the time Relator filed his petition for mandamus, he was not able to provide the copy of the order complained of, as he had sent it out for xerox copies.

Relator understands that the appendix must contain a certified or sworn copy of the order complained of or other document showing the matter complained of. Tex. R. App. P. 52.3(k)(1)(A); In re Cullar, 320 S.W.3d 560,564-65(Tex.App.-Dallas 2010, orig. proceeding. Relator presumed that his attaching his carbon copy of his Art. 11.05 request to his mandamus request and including an unsworn declaration in support of his contention the trial court denied his request would suffice. However, in order to ensure that this court has the proper appendix, Relator provides this court with the order complained of.

Next, to the extent that this court determines that the appendix issue as noted above was not the cause of dismissing the petition for lack of jurisdiction, Relator presumes that this court determined it did not have jurisdiction over the trial court judge. This court however, has concurrent jurisdiction over an original proceeding. See Tex. Gov't Code § 22.221(d); Johnson v. Fourth Court of Appeals, 700 S.W.2d 916,917(Tex.1985)(court of appeals and Supreme Court have concurrent jurisdiction over district judges), disapproved on other grounds, In re Columbia Med. Ctr., 290 S.W.3d 204(Tex.2009); Tex. Gov't Code § 22.221(b)(courts of appeals may issue writs of mandamus). Moreover, when a court of appeals and the Supreme Court have concurrent jurisdiction, the petition should be generally be brought first in the court of appeals. Tex. R. App. P. 52.3(e); LaRouche v. Hannah, 822 S.W.2d 632, 633(Tex.1992). Relator contends there is no reason of compelling in nature to purposely bypass this court. Thus, Relator contends that his petition for writ of mandamus is properly before this court.

Additionally, this court in In re Coronado, was presented an issue of jurisdiction on the very issue Relator brings, and that is, seeking his trial records from the trial court. See In re Coronado, 980 S.W.2d 691(Tex.App.-San Antonio 1998). This

3.

court noted that it's mandamus jrisdiction was limited. Coronado, supra at 692. This court further noted "by statutory grant, courts of appeals have authority to issue writs of mandamus against a district court judge or county judge in the court of appeals district, and all writs necessary to enforce jurisdiction. Tex. Gov't Code Ann. 22.221(a),(b)(Vernon 1988)(citing Click v. Tyra, 867 S.W.2d 406,407(Tex. App.-Houston[14th Dist] 1993, orig. proceeding).Id.

To the extent that this court determines that jurisdiction is affected by the use of "habeas corpus" in the caption of the case and citing to Art. 11.05 as the statutory law he premised his request upon, would not preclude this court from having jurisdiction. In Coronado, this court addressed the fact that he was seeking records in pursuit of filing a post-conviction writ of habeas corpus under Art. 11.07, and that is relevat here. However, Under the statutory language of Art. 11.05, it is not considered a post-conviction vehicle as opposed to Art. 11.07, which is by it's very nature and use, a post-conviction and collateral attack on a conviction. Thus, an Art. 11.05 request is not returnable to the Texas Court of Criminal Appeals as is required in Art. 11.07. Compare Art. 11.05; Art. 11.07 § 3.

In Coronado, he filed a petition for writ of mandamus against the district clerk. This court determined that it did not have jurisdiction over the clerk, and that mandamus authority was inappropriate. Relator however, filed his mandamus against the judge of the court whom abused her discretion in denying the request for the records.

This court in Coronado, supra, as did the court in Eubanks v. Mullin, 909 S.W. 2d 574(Tex.App.-Fort Worth 1995), and the court in Escobar v. State, 880 S.W.2d 782(Tex.App.-Houston[1st Dist] 1993), have held that a defendant seeking to obtain his trial records, must allege a specific violation of his rights did occur, and the action is not frivolous noting a specific need for the records. Relator has done just that, by explaining the constitutional violation, the relevant portion of

4.

the record where the violation occured to the best of his ability, and as such, has shown prima facie claims of violations of his consitutional rights, that preclude an assertion that the grounds are frivolous.

Relator contends that he has met the requistes as established in Coronado, Eubanks, and Escobar, supra. By asking him to provide any more than held by this court and two other appellate court, would be arbitrary. The defendants in Coronado, Escobar, and Eubanks, all sought their respective courts of appeals to find each courts analysis and orders. As this court is bound by the holding of Coronado, Relator argues his petition for mandamus is within the jurisdiction of this court.

### CONCLUSION

Relator argues that this court has jurisdiction to hear and rule on the petition for writ of mandamus in this case. Coronado is binding upon this court, and as such, this court should find that the petition is within it's jurisdiction.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Relator prays that this court grant this motion for rehearing to reconsider it's order denying the petition for writ of mandamus for lack of jurisdiction. Relator prays for any other relief that is just and equitable.

Respectfully Submitted,

### CERTIFICATE OF SERVICE

I certify that a copy of this motion for rehearing was delivered to prison authorities for mailing by U.S. Mail, first-class, postage pre-paid to the 175th Judicial District Court, Honorable Mary Roman, 101 W. Nueva Suite 217, San Antonio, Texas 78205 on this the 2nd day of January 2015.

### UNSWORN DECLARATION

I, Justin Emar Moore, TDCJ # 1763949, DOB 11/10/1971, being presently incarcerated in the Ellis Unit of the Texas Department of Criminal Justice, city of Huntsville, county of Walker, declare under penalty of perjury that the foregoing facts contained herein are true and correct.

Executed on the 2nd day of January 2015.

Relator, pro se

5.

## NO. 2010-CR-4143

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 175TH JUDICIAL DISTRICT |
| JUSTIN EMAR MOORE | § | BEXAR COUNTY, TEXAS |

## ORDER

On September 5, 2014, Defendant filed a writ of Habeas Corpus pursuant to Art. 11.05 of the Texas Code of Criminal Procedure requesting that he be provided with a complete copy of the trial record and clerk's record in this case. Defendant requests a free record for the purpose of seeking post-conviction collateral relief under article 11.07 of the Code of Criminal Procedure. TEX.CODE CRIM. PROC. ANN. art. 11.07 (West 2014). Texas courts have held a person is not entitled to a free record in habeas corpus actions. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex.App.-San Antonio 1998, orig. proceeding); *Escobar v. State*, 880 S.W.2d 782, 783 (Tex.App.-Houston [1st Dist.] 1993, no pet.) (*citing United States v. MacCollom*, 426 U.S. 317, 327–28, 48 L.Ed.2d 666, 96 S.Ct. 2086 (1976) (an indigent appellant is entitled to obtain a free record for purposes of appeal but not for purposes of collateral attack, such as a writ of habeas corpus)). Although the court in *Escobar* described limited circumstances in which a person might demonstrate entitlement to a free record to support an application for habeas corpus, no such circumstances have been presented. *See Escobar*, 880 S.W.2d at 784. *See In re Sanders*, 2014 WL 812963 (Tex.App.—Amarillo 2014).

It is hereby ORDERED that the defendant's motion is, in all things, **DENIED**.

SIGNED, ORDERED, and DECREED on _Nov. 19, 2014_.

_____
JUDGE MARY ROMAN
175th Judicial District
Bexar County, Texas

cc: Justin Moore, TDCJ # 1763949
    Ellis Unit, 1697 FM 980
    Huntsville, Texas 77343

Justin Emar Moore # 1763949
Ellis Unit
1697 FM 980
Huntsville, TX 77343

Special

Fourth Court of Appeals
Cadena-Reeves Justice Center
300 Dolorosa, Suite 3200
San Antonio, TX 78205-3037

FORTH WORTH TX
05 JAN 2015
FOREVER
Tiffany Lamp

KEITH E. HOETL

2015 JAN 7
IN THE COURT
AT SAN ANTO
FILE