# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

**NO. 03-15-00595-CV**

---

**In re Keith Judd**

---

**ORIGINAL PROCEEDING FROM TRAVIS COUNTY**

---

## M E M O R A N D U M   O P I N I O N

Relator Keith Judd, pro se, has filed a petition for writ of mandamus to compel various actions of the Chairman of the Texas Democratic Party and the Secretary of State of Texas in connection with the 2016 elections.[1]  On the present record, we will deny that relief.

A veteran of several past campaigns for President of the United States,[2] Judd advises that he is again "a Declared Candidate" for that office in 2016, more specifically "as a Democratic Candidate for the 2016 Primary Elections and Caucuses."  In furtherance of that effort in Texas, Judd

---

[1] Tex. Elec. Code § 273.061 (Texas Supreme Court or court of appeals may issue mandamus to "compel the performance of any duty imposed by law in connection with the holding of an election . . . regardless of whether the person responsible for performing the duty is a public officer").

[2] Not to mention multiple proceedings in the Judicial branches of our state and federal governments.  *See In re Judd*, No. 03-13-00073-CV, 2013 Tex. App. LEXIS 1890 (Tex. App.—Austin Feb. 27, 2013, orig. proceeding) (mem. op.); *In re Judd*, No. 03-12-00617-CV, 2012 Tex. App. LEXIS 10204 (Tex. App.—Austin Dec. 7, 2012, orig. proceeding) (mem. op.); *In re Judd*, No. 03-11-00690-CV, 2011 Tex. App. LEXIS 9172 (Tex. App.—Austin Nov. 16, 2011, orig. proceeding) (mem. op.); *see also Judd v. Furgeson*, No. 01-4217, 2012 U.S. Dist. LEXIS 162095, at \*12 (D.N.J. Nov. 5, 2012) (noting that Judd has filed "hundreds of frivolous or meritless complaints" in courts nationwide).

explains, he obtained a form from the Texas Democratic Party titled "Application for President of the United States on the Democratic Party General Primary Ballot."[3] Among the information this form requires of an applicant is a sworn statement that, *inter alia*, "I have not been convicted of a felony for which I have not been pardoned or had my full rights of citizenship restored by other official action."[4] Judd, who candidly acknowledges having a felony conviction for which he served time in federal prison,[5] complains that this feature of the form improperly incorporates eligibility requirements beyond those which the United States Constitution prescribes for the Presidency and that are the exclusive requirements for that office. He seeks mandamus relief to compel the Secretary of State "to prescribe a proper form" for the Texas Democratic Party's use. In turn, Judd seeks mandamus against the Chairman of the Texas Democratic Party "to provide that form to [him] and thereafter file and certify Keith Judd as legally qualified for placement on the [Texas] 2016 Primary Election [ballot] as a Democratic Candidate for President of the United States."

As his primary support, Judd refers us to the Texas Supreme Court's decision in *LaRouche v. Hannah*.[6] That case arose from the efforts of another presidential candidate, Lyndon LaRouche, to have his name placed on the Texas Democratic Party's 1992 primary ballot. To that end, LaRouche had timely submitted a completed application for a place on the ballot,

---

[3] Judd attached a copy of this form to his handwritten petition.

[4] At the top of the form is the instruction, "**All information is required to be provided unless indicated as optional**."

[5] Judd is quick to add, however, that he has achieved some past electoral successes as a presidential candidate despite being incarcerated at the time, most notably winning 13 counties and 43% of the statewide vote in the 2012 West Virginia Democratic primary.

[6] 822 S.W.2d 632 (Tex. 1992) (per curiam).

accompanied by the required filing fee, to the then-chairman of the Texas Democratic Party, Bob Slagle. Although accepting this filing, Slagle thereafter refused to certify LaRouche's name for placement on the primary ballot, reportedly on the ground that LaRouche was ineligible for such placement because he was a convicted felon.[7] Complaining that Slagle's refusal to certify his name violated his constitutional and statutory rights to appear as a candidate on the primary ballot, LaRouche sought mandamus to compel Slagle to certify his name for placement on the ballot and against the Secretary of State to compel him to "prescribe appropriate forms and procedures to ensure LaRouche's certification" and accept the eventual certification.[8] The Texas Supreme Court granted mandamus to compel Slagle to certify LaRouche.[9] Of particular note here, the supreme court emphasized—and Slagle had eventually conceded—"that the United States Constitution establishes the exclusive requirements for the office of President, and that those requirements make no reference to criminal convictions."[10] The court denied mandamus relief against the Secretary of State at that juncture, however, in the view that the Secretary could not have violated any non-discretionary duty given that LaRouche had not yet been certified by Slagle.[11]

---

[7] *Id*. at 633; *see* Tex. Elec. Code § 172.028(a) (imposing duty on chairman to certify in writing "for placement on the general primary election ballot the name of each candidate who files with the chair an application that complies with Section 172.021(b)").

[8] *LaRouche*, 822 S.W.2d at 633.

[9] *Id*. at 633-34.

[10] *Id*. at 633 (citing U.S. Const. art. II, § 1, cl. 4; *Gordon v. Sec'y of State*, 460 F. Supp. 1026, 1027 (D.N.J. 1978)).

[11] *Id*. at 634.

The Secretary of State has aided us with a response to Judd's petition in which he acknowledges "the Texas Supreme Court's on-point ruling in *LaRouche*," that "the United States Constitution sets forth the exclusive list of qualifications for the Office of the President," and that these requirements do not exclude felons.[12]  In contrast, the Secretary observes, "felony convictions *are* a relevant qualification" for Texas state elective offices.[13]  For this reason, the Secretary adds, he has promulgated sample application forms for a place on the ballot that treat federal offices, including President, differently from state offices.[14]  While the Secretary's sample state office form contains the affirmation of which Judd complains, the federal office form does not.[15]  Consequently, the Secretary reasons, there is no justiciable controversy between himself and Judd with regard to the "proper form" whose promulgation Judd seeks to compel through mandamus.  We agree.  Nor

---

[12]  While we also afforded the Chairman of the Texas Democratic Party the opportunity to file a response, he chose not to do so.

[13]  *See* Tex. Elec. Code § 141.001(a)(4) ("To be eligible to be a candidate for, or elected or appointed to, a public elective office in this state, a person must . . . have not been finally convicted of a felony from which the person has not been pardoned or otherwise released from the resulting disabilities"); *cf. id.* § 141.001(c) ("Subsection (a) does not apply to an office for which the federal or state constitution or a statute outside this code prescribes exclusive eligibility requirements.").

[14]  These forms are available at http://www.sos.state.tx.us/elections/forms/pol-sub/2-4f.pdf and http://www.sos.state.tx.us/elections/forms/pol-sub/2-2f.pdf, respectively.

[15]  We note also that both the Secretary of State's sample state office form and the Texas Democratic Party presidential form have the following imprinted in the upper right-hand corner:

2-2
Prescribed by the Secretary of State
Sections 141.031, 172.021, Texas Election Code
8/2015

In contrast, the Secretary of State's federal office form bears the same designation in the upper right-hand corner, but is numbered "2-4" rather than "2-2."

has Judd identified any other asserted failure by the Secretary at this juncture to comply with a non-discretionary duty.[16]

As for Judd's claims against the Chairman of the Texas Democratic Party, we conclude those are similarly premature. The filing period for the 2016 Texas primary elections does not begin until mid-November 2015, and Judd has not yet attempted to submit (nor could submit) an application for a place on the Texas Democratic Party ballot, let alone been refused certification by the Chairman, let alone for the reason of his felony conviction.[17] Nor, on this limited record, can we necessarily assume that the contents of the complained-of Texas Democratic Party form represent a determination by that party to exclude potential presidential candidates based on felony convictions, as opposed to, *e.g.*, some sort of staff-level clerical error in replicating the Secretary of State's sample forms that may ultimately be rectified as the filing period draws near.

Accordingly, we deny Judd's petition without prejudice to refiling.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Filed: October 21, 2015

---

[16] *See LaRouche*, 822 S.W.2d at 634.

[17] *Cf. id*. at 633 (noting that LaRouche had submitted a completed application accompanied by the required filing fee and been refused certification).