# IN THE SUPREME COURT OF TEXAS

═══════════

No. 20-0739

═══════════

IN RE STEVEN HOTZE, M.D., HON. ALLEN WEST, REPUBLICAN PARTY OF TEXAS, HON. SID MILLER, HON. MARK HENRY, HON. CHARLES PERRY, HON. PAT FALLON, HON. BILL ZEDLER, HON. CECIL BELL, JR., HON. STEVE TOTH, HON. DAN FLYNN, HON. MATT RINALDI, HON. RICK GREEN, HON. MOLLY WHITE, HARRIS COUNTY REPUBLICAN PARTY/HON. KEITH NIELSEN, HON. BRYAN SLATON, HON. ROBIN ARMSTRONG, M.D., JIM GRAHAM, HON. CATHIE ADAMS, HON. JOANN FLEMMING, JULIE MCCARTY, SHARON HEMPHILL, AND AL HARTMAN, RELATORS

═══════════

ON PETITION FOR WRIT OF MANDAMUS

═══════════

JUSTICE DEVINE dissenting from the Court's order denying the petition for writ of mandamus and motion for stay.

Today the Court does a disservice to the citizens of the State of Texas and the Texas Constitution. Relators[1] ask the Court to exercise its mandamus power granted by the Election Code to compel the Secretary of State—the chief election officer—to comply with the Election Code's specific provisions. In such a situation, as here, where our state, local, and national elections are at issue and the Court is "properly called on," *In re Salon a La Mode*, No. 20-0340, 2020 WL 2125844 (Tex. May 5, 2020) (Blacklock, J., concurring), the Court should exercise its mandamus authority over officials empowered to carry out our election laws.

I disagree with the Court's decision to dismiss this mandamus as untimely. We have often acted even "after statutory deadlines to protect the electoral process." *In re Palomo*, 366 S.W.3d 193, 194 n.7 (Tex. 2012) (per curiam) (citing *Bird v. Rothstein*, 930 S.W.2d 586, 587 (Tex. 1996);

---

[1] Because the Court concludes that Relators' suit is untimely, it does not reach the issue of standing. I would conclude Relators, who include candidates on the ballot and a county judge subject to the proclamation, have standing to pursue relief.

*Davis v. Taylor*, 930 S.W.2d 581, 584 (Tex. 1996); *LaRouche v. Hannah*, 822 S.W.2d 632, 634 (Tex. 1992); *Painter v. Shaner,* 667 S.W.2d 123, 124 (Tex. 1984)). And in *Bird v. Rothstein*, we declined to hold that laches or any similar doctrine barred relief against the Secretary of State given the important interests at stake. 930 S.W.2d at 588. I believe the interests at stake here are of similar importance and worthy of our consideration. Respondent argues, however, that the Election Code imposes no duty on the Secretary that would implicate our mandamus authority. In essence, she argues that the Secretary's title is simply that, a title, to which no consequent duties attach. Without a ministerial task, it is argued that the Secretary cannot be held responsible for carrying out unconstitutional proclamations. But this argument defies common sense.

Texas law has consistently stated that "mandamus may issue to compel public officials to perform ministerial acts, as well as '*to correct a clear abuse of discretion of a public official*.'" *In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (emphasis added) (citing *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). On July 27, 2020, Governor Abbott issued a proclamation suspending Texas Election Code sections 85.001(a) and 86.006(a-1) pursuant to his asserted authority under the Disaster Relief Act.[2] *See* TEX. GOV'T CODE §§ 418.001–.261. The Governor called on the Secretary to "take notice" of the changes "immediately." The Governor of the State of Tex., Proclamation No. 41-3752, 45 Tex. Reg. 5449, 5456–5457 (2020). The Proclamation was a mandate to those in his chain of command—including the Secretary—to carry out its directives. Not only that, the Governor was clear that the decision was made "in consultation with the Texas Secretary of State" because of their belief that "strict compliance" with sections 85.001(a) and 86.006(a-1) would not be feasible. *Id.*

---

[2] Today we miss a second chance to consider the constitutionality of chapter 418. I have previously voiced my concern on chapter 418 as an unconstitutional delegation of legislative power in contravention of the Texas Constitution article 1 section 28. *See In re Hotze*, No. 20-0430, 2020 WL 4046034, at *1–2 (Tex. July 17, 2020) (Devine, J., concurring).

Relators argue that after the proclamation was sent out, the Secretary provided "additional guidance" to local officials. As a result, the Secretary endorsed the Governor's actions in contravention of her duties[3] to carry out the Election Code's clear provisions on the timing and manner of early voting. These actions go beyond acting as a mere intermediary and make the Secretary complicit in the alleged constitutional and statutory violations.

Because the Secretary continues to act pursuant to a potentially unconstitutional proclamation, her conduct is subject to this Court's authority to mandamus public officials who engage in abuses of discretion. I accordingly would grant the relief requested by Relators. Because the Court does not, I respectfully dissent.

_____
John P. Devine
Justice

**OPINION DELIVERED:** October 7, 2020

---

[3] Respondent once again attempts to cabin the meaning of "duty" within the scope of this Court's mandamus authority. *See In re Republican Party of Texas,* 605 S.W.3d 47, 51 n.7 (Tex. 2020) (Devine, J., dissenting). That argument is misplaced because Relators here seek to compel the Secretary to act in accordance with her statutory duty as chief election officer. And that duty is prescribed and limited by statute. Although the Governor may have expanded that duty by proclamation, that puts the cart before the horse. It assumes that the Governor's proclamation is constitutional. If it is unconstitutional, which Relators call on this Court to address today, then the Secretary is acting in contravention of those duties prescribed by statute.