# IN THE SUPREME COURT OF TEXAS

No. 20-0739

IN RE STEVEN HOTZE, M.D., HON. ALLEN WEST, REPUBLICAN PARTY OF TEXAS, HON. SID MILLER, HON. MARK HENRY, HON. CHARLES PERRY, HON. PAT FALLON, HON. BILL ZEDLER, HON. CECIL BELL, JR., HON. STEVE TOTH, HON. DAN FLYNN, HON. MATT RINALDI, HON. RICK GREEN, HON. MOLLY WHITE, HARRIS COUNTY REPUBLICAN PARTY/HON. KEITH NIELSEN, HON. BRYAN SLATON, HON. ROBIN ARMSTRONG, M.D., JIM GRAHAM, HON. CATHIE ADAMS, HON. JOANN FLEMING, JULIE MCCARTY, SHARON HEMPHILL, AND AL HARTMAN, RELATORS

ON PETITION FOR WRIT OF MANDAMUS

CHIEF JUSTICE HECHT delivered the opinion of the Court, in which JUSTICE GUZMAN, JUSTICE LEHRMANN, JUSTICE BOYD, JUSTICE BLACKLOCK, JUSTICE BUSBY, and JUSTICE BLAND joined.

JUSTICE BLACKLOCK filed a concurring opinion, in which JUSTICE BUSBY joined except as to part I.C.

JUSTICE DEVINE filed a dissenting opinion.

Governor Abbott issued a proclamation on March 13, 2020,[1] certifying under the Texas Disaster Act of 1975[2] ("the Act") that the novel coronavirus COVID-19 poses an imminent threat

---

[1] All dates referred to are in 2020.

[2] TEX. GOV'T CODE §§ 418.001–.261.

of disaster in all Texas counties.[3] On July 27, the Governor issued another proclamation,[4] again citing the Act, suspending two provisions of the Texas Election Code as they relate to the general election on November 3. One provision states that "early voting by personal appearance begins on the 17th day before election day"[5]—this year, October 19. The other provision requires that a voter "deliver a marked ballot in person to the early voting clerk's office only while the polls are open on election day."[6] Under the July 27 proclamation, early voting by personal appearance begins six days earlier, on October 13, and early voting ballots may be delivered to the clerk's office "prior to and including on election day."[7]

On September 23, relators, including the Republican Party of Texas, voters, candidates, and current and former state officials,[8] initiated an original proceeding in this Court, seeking a writ

---

[3] The Governor of the State of Texas, Proclamation No. 41-3720, 45 Tex. Reg. 2087, 2094–95 (2020).

[4] The Governor of the State of Texas, Proclamation No. 41-3752, 45 Tex. Reg. 5449, 5456–57 (2020).

[5] TEX. ELEC. CODE § 85.001(a).

[6] *Id.* § 86.006(a-1).

[7] *Supra* note 4. On October 1, while this case was under submission in this Court, the Governor issued yet another proclamation adding to the July 27 proclamation's provisions security protocols for in-person delivery of mail-in ballots. The Governor of the State of Texas, Proclamation No. 41-___, 45 Tex. Reg. ___, ___ (2020).

[8] Relators are Steven Hotze, M.D.; Hon. Allen West, Chair, Republican Party of Texas; Republican Party of Texas; Hon. Sid Miller, Texas Agriculture Commissioner; Hon. Mark Henry, County Judge, Galveston County, Texas; Hon. Charles Perry, Texas State Senator, Dist. 28; Hon. Pat Fallon, Texas State Senator, Dist. 30 and candidate for U.S. Representative, Dist. 4; Hon. Bill Zedler, Texas State Representative, Dist. 96; Hon. Cecil Bell, Jr., Texas State Representative, Dist. 3; Hon. Steve Toth, Texas State Representative, Dist. 15; Hon. Dan Flynn, Texas State Representative, Dist. 2; Hon. Matt Rinaldi; Hon. Rick Green; Hon. Molly White; Harris County Republican Party; Hon. Keith Nielsen, Chair, Harris County Republican Party; Hon. Bryan Slaton, candidate for Texas State Representative, Dist. 2; Hon. Robin Armstrong, M.D., Texas Republican National Committeeman; Jim Graham, Executive Director, Texas Right to Life; Hon. Cathie Adams; Hon. JoAnn Fleming, Executive Director, Grassroots America–We the People; Julie McCarty, President, Northeast Tarrant Tea Party; Sharon Hemphill, candidate for Judge of the 80th Dist. Court, Harris County; and Al Hartman.

of mandamus[9] directing the Texas Secretary of State to conduct the November 3 general election according to the statutory provisions suspended by the Governor's July 27 proclamation. Relators argue that the proclamation was not authorized by the Act, or if it was, that the Act violates Article I, Sections 19[10] and 28[11] of the Texas Constitution. The State responds that relators have not identified a justiciable interest and therefore lack standing; that the Secretary of State has no power to enforce the two statutory provisions at issue, let alone a ministerial duty that could be compelled by mandamus; that the Act is not unconstitutional; and that relators have delayed too long since the Governor issued the proclamation to seek mandamus relief.

The Governor has repeatedly asserted his authority under the Act to modify election procedures beginning shortly after his March 13 disaster proclamation. On March 18, he suspended sections of the Election Code and Water Code to allow political subdivisions with elections scheduled for May 2 to move them to November 3 and required county election officials to furnish service as requested.[12] Two days later, the Governor suspended sections of the Election Code to postpone the primary runoff election from May 26 to July 14.[13] On May 11, he suspended provisions of the Election Code to extend the statutory early voting period for the July 14 runoff

---

[9] Relators assert jurisdiction under section 273.061 of the Election Code, which states: "The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer."

[10] TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.").

[11] Id. § 28 ("No power of suspending laws in this State shall be exercised except by the Legislature.").

[12] The Governor of the State of Texas, Proclamation No. 41-3723, 45 Tex. Reg. 2271, 2272–73 (2020).

[13] The Governor of the State of Texas, Proclamation No. 41-3724, 45 Tex. Reg. 2271, 2273–74 (2020).

election from 10 days to 17 days.[14] Later in May, he publicly announced his intention to extend the early voting period for the November election.[15] He followed through by issuing the July 27 proclamation. The same day, in accordance with the Governor's directive, the Secretary of State emailed a copy of the proclamation to election officials, explaining that early voting would begin on October 13 and that voters would be allowed to hand-deliver their marked mail ballots to the early voting clerk's office before election day. All the Governor's actions were widely publicized. And his proclamations have not focused on elections alone. The Governor has issued a long series of proclamations invoking the Act as authority to address the impact of the COVID-19 pandemic on a wide range of activities in the State.

Relators delayed in challenging the Governor's July 27 proclamation for more than ten weeks after it was issued. They have not sought relief first in the lower courts that would have allowed a careful, thorough consideration of their arguments regarding the Act's scope and constitutionality. Those arguments affect not only the impending election process but also implicate the Governor's authority under the Act for the many other actions he has taken over the past six months. Relators' delay precludes the consideration their claims require.

The dissent argues that relators acted diligently because they filed their petition in this Court four days after they received an email confirming that the Harris County Clerk intended to comply with the Governor's July 27 proclamation. But relators' challenge is to the validity of the

---

[14] The Governor of the State of Texas, Proclamation No. 41-3733, 45 Tex. Reg. 3389, 3396–97 (2020).

[15] Patrick Svitek, *Texas will extend early voting period this fall, Gov. Greg Abbott says*, Tex. Trib., May 28, 2020, https://www.texastribune.org/2020/05/28/texas-2020-early-voting-greg-abbott-coronavirus/.

proclamation, not the Clerk's compliance.[16] Relators could have asserted their challenge at any time in the past ten weeks. The dissent also argues that the Court has granted relief after similar delays. But none of the cases the dissent cites bears out its argument.[17]

Moreover, the election is already underway. The Harris County Clerk has represented to the Court that his office would accept mailed-in ballots beginning September 24. To disrupt the long-planned election procedures as relators would have us do would threaten voter confusion.

The United States Supreme Court has repeatedly warned against judicial interference in an election that is imminent or ongoing.[18] "[C]ourt changes of election laws close in time to the election are strongly disfavored."[19]

---

[16] The same challenges made here to the July 27 proclamation are also made in two other mandamus proceedings pending in this Court, one against the Harris County Clerk, *In re Hotze*, No. 20-0751 (pet. filed Sept. 28, 2020), and the other against the Tarrant County Clerk, *In re McCarty*, No. 20-0760 (pet. filed Sept. 28, 2020). We deny them for the same reasons explained in this opinion. The State has advised that a portion of the arguments made in No. 20-0751 may have been mooted by the proclamation issued October 1 by the Governor superseding the July 27 proclamation, effectively limiting the in-person delivery of marked mail ballots to a single office with poll watchers present.

[17] *See In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (per curiam) (mandamus petition filed two days after ballot language adopted); *In re Palomo*, 366 S.W.3d 193, 194 n.7 (Tex. 2012) (per curiam) (mandamus petition filed the same day the court of appeals declared candidate ineligible to run for office); *Bird v. Rothstein*, 930 S.W.2d 586, 587 (Tex. 1996) (mandamus petition filed three days after candidate denied place on the ballot); *Davis v. Taylor*, 930 S.W.2d 581, 582 (Tex. 1996) (mandamus petition filed two days after candidate denied place on the ballot); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (time elapsed from refusal to call an election and filing of mandamus not stated); *Painter v. Shaner*, 667 S.W.2d 123, 124 (Tex. 1984) (mandamus petition filed no more than 32 days after candidate denied place on the ballot), Petition for Writ of Mandamus at 1, 3 & Exh. 4, *LaRouche v. Hannah*, 822 S.W.2d 632 (Tex. 1992) (per curiam) (No. D-1988) (mandamus petition filed six days after candidate was notified of the denial).

[18] *See Republican Nat'l Comm. v. Democratic Nat'l Comm.*, ___ U.S. ___, 140 S. Ct. 1205, 1207 (2020) (noting Supreme Court's repeated emphasis that "lower federal courts should ordinarily not alter the election rules on the eve of an election."); *N. Carolina v. League of Women Voters of N.C.*, 574 U.S. 927 (2014) (staying a lower court order that changed election laws thirty-three days before the election); *Husted v. Ohio State Conference of N.A.A.C.P.*, 573 U.S. 988 (2014) (staying a lower court order that changed election laws sixty days before the election); *Veasey v. Perry*, 574 U.S. ___, 135 S. Ct. 9 (2014) (denying application to vacate Court of Appeals' stay of district court injunction that changed election laws on eve of election); *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (staying a lower court order changing election laws twenty-nine days before the election). *see also Andino v. Middleton*, No. 20A55, slip op. at 2, ___U.S.___, ___(Oct. 5, 2020) (Kavanaugh, J., concurring).

[19] *Tex. Alliance for Retired Americans v. Hughs*, No. 20-40643, slip op. at 3–4___ F.3d ___, ___ (5th Cir. Sept. 30, 2020).

Mandamus is an "extraordinary" remedy that is "available only in limited circumstances."[20] When the record fails to show that petitioners have acted diligently to protect their rights, relief by mandamus is not available.[21] The record here reflects no justification for relators' lengthy delay.

Accordingly, relators' petition for writ of mandamus is denied.

_____
Nathan L. Hecht
Chief Justice

**Opinion delivered:** October 7, 2020

---

[20] *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

[21] *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993).