**In re Thomas R. PHILLIPS.**

No. 03-02-00526-CV.

Court of Appeals of Texas, Austin.

Aug. 30, 2002.

Alan D. Rosenthal, Houston, for relator.

Clifford Fuddy William, for real party in interest.

Before Justices KIDD, YEAKEL and PURYEAR.

PER CURIAM.

This is an election mandamus. Relator Thomas R. Phillips, currently Chief Justice of the Supreme Court of Texas, is the Republican Party's candidate for Chief Justice of the Supreme Court of Texas in the November 2002 general election. Respondent, Clifford F. William, is the Libertarian Party's candidate. Other respondents in this proceeding are, David DeLamar, the Texas Libertarian Party Chair and Gwen Shea, the Secretary of State for the State of Texas.

Relator contends that, despite DeLamar's knowledge that William is not an attorney licensed to practice law in the State of Texas, DeLamar has refused to declare William ineligible for the office of chief justice and has refused to take the actions necessary to insure William's name does not appear on the November 2002 general election ballot. Relator asks this Court (1) to declare William ineligible for the office of chief justice; (2) to issue a writ of mandamus ordering respondent DeLamar to declare William ineligible for the office of Chief Justice of the Supreme Court of Texas and to notify William and Secretary of State Shea of William's ineli-

gibility to be placed on the November 2002 general election ballot; and alternatively, (3) to issue a writ of mandamus directing respondent Secretary of State Shea to declare William ineligible for the office of chief justice and to not place William's name on the November 2002 general election ballot.

## Discussion

Relator contends that William's name should not be included among the candidates for chief justice on the November 2002 general election ballot because William is ineligible for that office. The Texas Constitution provides that "No person shall be eligible to serve in the office of Chief Justice ... unless the person is licensed to practice law in this state and ..., at the time of election, ... has been a practicing lawyer, or a lawyer and judge of a court of record together at least ten years." Tex. Const. Art. V, § 2 (West 1993).

There is no dispute about the fact that William does not possess a license to practice law in the State of Texas. William in his response filed in this Court concedes the fact that he is not an attorney licensed to practice law in the State of Texas.[1] Therefore, he is barred by the Texas Constitution from being eligible to seek the office of Chief Justice of the Texas Supreme Court.

Relator contends that, despite DeLamar's knowledge that William is not licensed to practice law in the State of Texas, he has refused to declare William ineligible for the office of chief justice and has failed to take the actions necessary to insure William's name does not appear on the November 2002 general election ballot. DeLamar responds that the perma-

nent Libertarian Party convention chair, Geoffrey Neale, is the only appropriate authority subject to mandamus. We disagree. Neale's authority to act terminated upon adjournment of the 2002 convention and upon election of DeLamar as the new party chair. As chair of the Libertarian Party DeLamar is the only person with authority over the Libertarian Party's candidates.

The election code specifically provides procedures for declaring a candidate ineligible for a office.

A candidate may be declared ineligible only if (1) the information on the candidate's application for a place on the ballot indicates that the candidate is ineligible for the office or (2) facts indicating that the candidate is ineligible are conclusively established by another public record.

Tex. Elec.Code Ann. § 145.003(f) (West Supp.2002). When presented with an application for a place on the ballot or another public record containing information pertinent to a candidate's eligibility, the appropriate authority shall promptly review the record. *Id.* § 145.003(g). If the appropriate authority determines that the record establishes ineligibility, the authority shall declare the candidate ineligible. *Id.* If a candidate is declared ineligible, the authority making the declaration shall promptly give written notice of the declaration of ineligibility to the candidate. *Id.* § 145.003(i). Based upon this record, we conclude that Clifford F. William is ineligible to be a candidate for the office of Chief Justice of the Texas Supreme Court.

## Conclusion

Therefore, we grant mandamus relief and order DeLamar immediately to de-

---

1. William is a party to a lawsuit in federal court seeking to establish that a non-attorney may run for Chief Justice of the Supreme

Court of Texas. *Mitchell v. Shea et al.,* No. H–02–2167 (S.D.Tex.) (currently pending).

clare Clifford F. William ineligible for the office of Chief Justice of the Supreme Court of Texas and to immediately notify Clifford F. William and the Texas Secretary of State Gwen Shea of William's ineligibility to be placed on the November 2002 general election ballot.

The writ of mandamus will issue August 30, 2002.