TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

 NO. 03-20-00414-CV

 In re Wendy Davis, Chrysta Castañeda, and Mary Jennings (M.J.) Hegar

 ORIGINAL PROCEEDING

 OPINION

 Relators, Wendy Davis, Chrysta Castañeda, and Mary Jennings (M.J.) Hegar,

seek a writ of mandamus ordering respondents, the Green Party of Texas and Alfred Molison and

Laura Palmer, in their capacities as the Green Party of Texas’s State Co-Chairs, to (1) declare the

real parties in interest, Tommy Wakely, Katija “Kat” Gruene, and David B. Collins, ineligible to

appear as the Green Party nominees on the November 2020 general statewide ballot and (2) take

all steps necessary to ensure that Wakely’s, Gruene’s, and Collins’s names do not appear on the

ballot. Relators assert that Wakely, Gruene, and Collins have not complied with the Texas

Election Code provision requiring them to pay a filing fee or submit a petition in lieu of a filing

fee to be eligible to appear on the ballot. See Tex. Elec. Code § 141.041(a). Relators further

assert that the Green Party and its Co-Chairs were presented with conclusive proof that Wakely,

Gruene, and Collins are ineligible for this reason, but they have failed to comply with their

statutory duty to declare them ineligible to appear on the November 2020 general election ballot
as the Green Party candidates. See id. § 145.003(b), (f), (g). For the reasons explained below,

we conditionally grant the writ.

 BACKGROUND

 Under the Texas Election Code, there are three ways for a candidate to obtain a

place on the statewide general election ballot: (1) win a primary election, (2) receive a

nomination from a political party that nominates by convention and qualifies for ballot access, or

(3) submit a nominating petition signed by the required number of voters. The path a candidate

follows depends on whether the candidate is affiliated with a political party and how many votes

that party received in the last gubernatorial election or whether the candidate wants to run as an

independent candidate. Political parties that received at least twenty percent of the vote in the

last gubernatorial election (“major parties”) nominate their candidates for state and county

government and Congress by primary election. See Tex. Elec. Code § 172.001. Political parties

that are new or did not receive at least 2 percent of the total vote cast for governor in the

preceding election (“minor parties”), including the Green Party, must nominate their candidates

by convention. See id. §§ 172.002, 181.002, 181.003. Candidates who are not affiliated with a

political party (“independents”) may not nominate by convention and must submit nomination

petitions signed by eligible voters. See id. §§ 142.002-.010.

 Minor parties must comply with various procedural requirements to place

nominees on the general election ballot after their nominating conventions. See, e.g., id.

§§ 181.005(a); 181.006. Candidates who intend to seek a minor party’s nomination for a

statewide or district office must file a notarized application in December of the year before the

election with the state party chair. Id. §§ 141.031, 172.023(a), 181.031-.033. This mandamus

 2
proceeding concerns a new requirement imposed on minor-party candidates to be eligible for

placement on the general election ballot. See id. § 141.041. Wakely, Gruene, and Collins are all

candidates nominated by the Green Party, and the Green Party has submitted their names to the

Secretary of State as candidates for state offices.

 Texas Election Code Section 141.041, enacted by the Texas Legislature in 2019,

establishes requirements for minor-party candidates, which include Wakely, Gruene, and Collins,

to be eligible for placement on the ballot for the general election for state and county officers.

Subsection 141.041(a) requires those candidates to:

 (1) pay a filing fee to the secretary of state for a statewide or district office or the
 county judge for a county or precinct office; or

 (2) submit to the secretary of state for a statewide or district office or the county
 judge for a county or precinct office a petition in lieu of a filing fee that
 satisfies the requirements prescribed by Subsection (e) and Section 141.062.

Id. § 141.041(a). Under the new law, minor-party candidates are now required to submit the

same filing fee or petition in lieu of filing fee that major-party candidates must submit to be

eligible to appear on the ballot. Section 141.041 also requires the Secretary of State to adopt

rules as necessary to implement the new eligibility requirements. Id. § 141.041(f). The

Secretary of State’s Election Advisory, which was issued on August 31, 2019, established a

compliance deadline of December 9, 2019, for convention candidates to submit their filing fee or

petition, which is the same filing deadline that applies to primary candidates. Relators have

submitted public records obtained from the Secretary of State, pursuant to an open-records

request, which show that, to date, Wakely, Gruene, and Collins have not paid filing fees or

submitted petitions to the Secretary of State.

 3
 Texas Election Code Section 145.003 governs the process for declaring a

candidate ineligible. Section 145.003 provides that a candidate may be declared ineligible if

“facts indicating that the candidate is ineligible are conclusively established by another public

record.” Id. § 145.003(f). Section 145.003 further requires the appropriate authority to review

and determine eligibility as follows:

 When presented with an application for a place on the ballot or another public
 record containing information pertinent to a candidate’s eligibility, the appropriate
 authority shall promptly review the record. If the authority determines that the
 record establishes ineligibility as provided by Subsection (f), the authority shall
 declare the candidate ineligible.

Id. § 145.003(g). In this case, the election authorities that are required to review candidate

applications for eligibility are respondents Molison and Palmer, the Co-Chairs of the Green

Party. See id. § 145.003(b) (establishing that candidates in general election for state and county

officers may be declared ineligible only by “the party officer responsible for certifying the

candidate’s name for placement on the general election ballot, in the case of a candidate who is a

political party’s nominee”). An ineligible candidate must be removed from the ballot if declared

ineligible on or before the 74th day before election day, which is Friday, August 21, 2020, for

the next general election. See id. § 145.035. Shortly thereafter, by the 68th day before election

day, the Texas Secretary of State must certify the candidates for the ballot; that deadline is

August 28, 2020, for the next general election. See id. § 161.008(b).

 Relators Davis, Castañeda, and Hegar are eligible major-party candidates who

assert that they are injured by competing against ineligible candidates. Counsel for the relators

have presented Molison and Palmer with public records from the Secretary of State and asked

 4
them to withdraw Wakely, Gruene, and Collins from the ballot, but Molison and Palmer have

refused to do so. This mandamus proceeding followed.

 MANDAMUS STANDARD

 Texas Election Code Section 273.061 authorizes a court of appeals to issue a writ

of mandamus “to compel the performance of any duty imposed by law in connection with the

holding of an election or a political party convention, regardless of whether the person

responsible for performing the duty is a public officer.” Id. § 273.061. In addition, “[t]he

performance of a duty placed by this code on an officer of a political party is enforceable by writ

of mandamus in the same manner as if the party officer were a public officer.” Id. § 161.009.

To show their entitlement to mandamus relief, Davis, Castañeda, and Hegar must establish “a

clear legal right to performance of the acts [they seek] to compel, and the duties of the persons

sought to be compelled must be clearly fixed and required by the law.” See In re Watkins, 465

S.W.3d 657, 659 (Tex. App.—Austin 2014, orig. proceeding).

 ANALYSIS

 In two issues, Davis, Castañeda, and Hegar assert that (1) Molison and Palmer

have violated a duty imposed by law by refusing to declare Wakely, Gruene, and Collins

ineligible to appear on the ballot as the Green Party’s nominees in the next general election and

(2) relators have an inadequate remedy at law because August 21, 2020, is the last day to ensure

that voters receive a correct ballot containing eligible candidates.

 Section 145.003 requires Molison and Palmer to promptly review a public record

presented to them concerning a candidate’s eligibility and to declare a candidate ineligible if

“facts indicating that the candidate is ineligible are conclusively established by another public

 5
record.” Tex. Elec. Code § 145.003(f), (g). Section 141.041 requires Wakely, Gruene, and

Collins to either pay a filing fee or submit a petition to be eligible to appear on the ballot.1 The

public record presented to Molison and Palmer conclusively establishes that Wakely, Gruene,

and Collins have not paid the filing fee. Moreover, no one disputes that Wakely, Gruene, and

Collins have failed to pay the filing fee or submit petitions. Based upon this record, we conclude

that Wakely, Gruene, and Collins are ineligible to be candidates on the November ballot. See In

re Phillips, 96 S.W.3d 418, 419 (Tex. App.—Austin 2002, orig. proceeding).

 Therefore, Molison and Palmer have a statutory duty to declare Wakely, Gruene,

and Collins ineligible. See In re Williams, 470 S.W.3d 819, 821 (Tex. 2015) (“An act is

ministerial when the law clearly spells out the duty to be performed by the official with sufficient

certainty that nothing is left to the exercise of discretion.”). Although respondents and real

parties in interest assert that the determination as to a candidate’s eligibility “ultimately rests

with [the Secretary of State] as set forth in the Texas Election Code,” they do not point us to any

statutory provision imposing such a duty on the Secretary of State. Instead, Section 145.003

specifically provides that candidates in general election for state and county officers may be

declared ineligible “only as provided by this section,” which places that duty squarely on “the

party officer responsible for certifying the candidate’s name for placement on the general

 1
 We note that although the Green Party and other minor parties and candidates have
attempted to challenge the constitutionality of the filing-fee or petition requirement in federal
and state court, the statute is currently in effect and enforceable. The federal court denied the
parties’ and candidates’ motion for preliminary injunction on November 25, 2019. See Miller v.
Doe, No. 1:19-CV-00700-RP, (W.D. Tex., Nov. 25, 2019, order). Although the state district
court granted a temporary injunction on December 2, 2019, temporarily enjoining the Secretary
of State from refusing to certify third-party nominees from the general election ballot on the
grounds that the nominee did not pay a filing fee or submit a petition, the State superseded the
temporary injunction, and an interlocutory appeal is pending before the Fourteenth Court of

 6
election ballot, in the case of a candidate who is a political party’s nominee.” Tex. Elec. Code

§ 145.003(a), (b)(1). Under the circumstances here, we agree that mandamus relief is

appropriate because Molison and Palmer have refused to perform their statutory duty, and Davis,

Castañeda, and Hegar lack an adequate remedy at law because of the deadline for removing

ineligible candidates from the November 2020 ballot. See id.; see also In re Woodfill, 470

S.W.3d 473, 481 (Tex. 2015) (orig. proceeding).

 Accordingly, we conditionally grant mandamus relief. Molison and Palmer are

hereby directed to (1) declare Wakely, Gruene, and Collins ineligible to appear as the Green

Party nominees on the November 2020 general statewide ballot and (2) take all steps within their

authority that are necessary to ensure that Wakely’s, Gruene’s, and Collins’s names do not

appear on the ballot. See In re Phillips, 96 S.W.3d at 419; see also Tex. Elec. Code § 145.003(i)

(requiring prompt written notice to candidate when authority declares candidate’s ineligibility).

The writ will issue unless Molison and Palmer notify the Clerk of this Court, in writing by noon

on Thursday, August 20, 2020, that they have complied with this opinion.

 Due to the time-sensitive nature of this matter, the Court will not entertain

motions for rehearing. See Tex. R. App. P. 2.

 __________________________________________
 Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Kelly
 Dissenting Opinion by Chief Justice Rose

Filed: August 19, 2020

Appeals. See Hughs v. Dikeman, No. 14-19-00969-CV, (Tex. App.—Houston [14th Dist.],
interlocutory appeal pending).

 7