

# NUMBER 13-21-00439-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE THE HONORABLE ROBERT "BOBBY" BELL

### On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Memorandum Opinion by Chief Justice Contreras[1]

Relator, the Honorable Robert "Bobby" Bell, filed an emergency petition for writ of mandamus in this cause through which he asserts that Matt Rinaldi, the Chair of the Republican Party of Texas, erred in rejecting relator's application for a place on the 2022 Republican Primary Ballot based on the age limitations for the judiciary found in the Texas Constitution. *See* TEX. CONST. art. V, § 1-a. This Court requested that Rinaldi, or any

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See* TEX. R. APP. P 52.2, 52.4, 52.8. We further granted relator's request for temporary relief and directed Rinaldi to retain relator's application and fee during the pendency of this matter as though it had been accepted for filing by the regular filing deadline for the 2022 primary election. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We have now received and reviewed Rinaldi's response to the petition for writ of mandamus.

This Court "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer." TEX. ELEC. CODE ANN. § 273.061(a); *see In re Petricek*, 629 S.W.3d 913, 917 (Tex. 2021) (orig. proceeding). Mandamus may issue to compel public officials to perform ministerial acts and to correct an abuse of discretion by a public official. *See In re Williams*, 470 S.W.3d 819, 821 (Tex. 2015) (orig. proceeding) (per curiam); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson*, 806 S.W.2d at 793; *see In re Williams*, 470 S.W.3d at 821; *In re Woodfill*, 470 S.W.3d 473, 478 (Tex. 2015) (orig. proceeding) (per curiam). Here, Rinaldi's duty to determine whether relator's application for a place on the ballot complies with constitutional and statutory requirements is ministerial in nature. *See In re Walker*, 595 S.W.3d 841, 842–43 (Tex. App.—Houston [14th Dist.] 2020, orig.

proceeding) (per curiam).

Relator is the incumbent judge of the 267th District Court, and he has applied for a place on the Republican Primary Ballot to seek reelection to that position. According to the record, relator was born on December 22, 1947. Relator will turn seventy-five years of age on December 22, 2022, and that date will occur prior to the end of relator's current term of office which expires on December 31, 2022. The next term of office for that position will commence on January 1, 2023. Relator will thus be over the age of seventy-five at the commencement of that term.

The Texas Constitution provides, in relevant part, that a judge's office "shall become vacant on the expiration of the term during which the incumbent reaches the age of seventy-five (75) years." TEX. CONST. art. V, § 1-a. Under Texas Supreme Court precedent, we avoid constructions of the constitution that would render any provision "meaningless or inoperative." *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016) (quoting *Stringer v. Cendant Mortg. Corp.*, 23 S.W.3d 353, 355 (Tex. 2000); *see Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). To accept relator's contention that this provision does not prohibit judges nearing seventy-five years of age or older from becoming a candidate for judicial office or from serving after election would render the constitutional age limitation meaningless or inoperative, thus we must respectfully disagree with relator's contentions otherwise. As stated by Rinaldi, "[t]here would be absolutely no reason for this constitutional provision to exist if, as [r]elator argues, the provision causes [r]elator's office to become vacant on December 31st, only to permit him to re-assume the same office on January 1st."

The Court, having examined and fully considered the petition for writ of mandamus and Rinaldi's response, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
17th day of December, 2021.