ACCEPTED
15-24-00084-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/13/2025 3:30 PM
CHRISTOPHER A. PRINE
CLERK



**KEN PAXTON**

ATTORNEY GENERAL OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
(512) 936-1700
2/13/2025 3:30:43 PM
Cory.Scanlon@oag.texas.gov
CHRISTOPHER A. PRINE
Clerk

CORY A. SCANLON
Assistant Solicitor General

February 13, 2025

**Via Electronic Filing**

Mr. Christopher A. Prine
Fifteenth Court of Appeals
William P. Clements Building
300 W. 15th Street, Suite 607
Austin, TX 78701

>   **Re:**   *The State of Texas v. City of Austin et al.*, No. 15-24-00077-CV and
>   *The State of Texas v. City of San Marcos et al.*, No. 15-24-00084-CV

Dear Mr. Prine:

The Court held argument in the above-styled cases on February 12, 2025, and permitted me to submit this post-submission letter to address a follow-up question regarding the Court's authority to order repeal of the Ordinances. Please distribute this letter to the Court.

During argument, the Court asked whether it may order injunctive or mandamus relief to direct a city to repeal an unconstitutional or preempted ordinance. The Court also asked if there was a case where such relief was ordered, to which I responded by saying there was a case involving the City of Houston that was not included in our brief.

To clarify, Texas Local Government Code § 370.003 has yet to be interpreted by the appellate courts, but two cases from the Texas Supreme Court considered whether it could order the City Council of Houston to either call an election or repeal an ordinance after a referendum petition from the voters properly placed the issue of whether to repeal Houston's Equal Rights Ordinance before the Council. *In re Woodfill*, 470 S.W.3d 473, 481 (Tex. 2015) (orig. proceeding) (per curiam); *see also In re Williams*, 470 S.W.3d 819, 822 (Tex. 2015) (orig. proceeding) (per curiam) (deciding ballot-language sufficiency). In *Woodfill*, the Court held that the charter procedures

Page 2

supplied a ministerial duty that the City Council must either repeal the ordinance or hold an election in response to the referendum petition. 470 S.W.3d at 481. Once the City of Houston ordered that an election would be held to determine whether the Equal Rights Ordinance would be repealed, the Court again conditionally granted mandamus relief to relators directing the City Council that the charter requires a yes-or-no vote on the substance of the Equal Rights Ordinance itself, rather than the question of whether it should be repealed. *Williams*, 470 S.W.3d at 822.

As these cases suggest, the remedy of repeal is appropriate when a ministerial duty arises to require that action under the City's governing documents. When those documents incorporate the requirements of the Texas Constitution and the general laws of the State, as they have here,[1] repeal is also an appropriate remedy for this case because section 370.003 prohibits the Cities from "adopt[ing] a policy under which the entity will not fully enforce laws relating to drugs." Tex. Loc. Gov't Code § 370.003.

Respectfully submitted.

/s/ Cory A. Scanlon

Cory A. Scanlon
Assistant Solicitor General
State Bar No. 24104599

Counsel for Appellant

cc: All counsel of record (via electronic filing)

---

[1] Charter of the City of Austin art. I, § 2, art. IV, § 1; Charter of the City of San Marcos art. I, § 1.02, art. XII, § 12.10.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nancy Villarreal on behalf of Cory Scanlon
Bar No. 24104599
nancy.villarreal@oag.texas.gov
Envelope ID: 97361171
Filing Code Description: Letter
Filing Description: 2025 0213 Postsub letter_Final San Marcos
Status as of 2/13/2025 4:21 PM CST

Associated Case Party: City of San Marcos, et al.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jose De La Fuente | 793605 | jdelafuente@lglawfirm.com | 2/13/2025 3:30:43 PM | SENT |
| James Parker | 24027591 | jparker@lglawfirm.com | 2/13/2025 3:30:43 PM | SENT |
| Gabrielle Smith | 24093172 | gsmith@lglawfirm.com | 2/13/2025 3:30:43 PM | SENT |
| Barbara Quirk | 16436750 | bquirk@sanmarcostx.gov | 2/13/2025 3:30:43 PM | SENT |
| Sydney Sadler | 24117905 | ssadler@lglawfirm.com | 2/13/2025 3:30:43 PM | SENT |

Associated Case Party: The State of Texas, by the through the Office of the Attorney General of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 2/13/2025 3:30:43 PM | SENT |
| Jacob Przada | 24125371 | przadaj@utexas.edu | 2/13/2025 3:30:43 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 2/13/2025 3:30:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 2/13/2025 3:30:43 PM | SENT |