

816 Congress Avenue, Suite 1900
Austin, Texas 78701
512.322.5800
512.472.0532 f
lglawfirm.com

ACCEPTED
15-24-00084-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 5:06 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
2/20/2025 5:06:05 PM
CHRISTOPHER A. PRINE
Clerk

Ms. Smith's Direct Line: (512) 322-5820
Email: gsmith@lglawfirm.com

February 20, 2025

***Via e-filing***

Mr. Christopher A. Prine, Clerk
Fifteenth Court of Appeals
300 W. 15th Street, Suite 607
Austin, Texas 78701

    Re:    Court of Appeals No.:    15-24-00084-CV
               Trial Court Case No.:    24-0267
               *The State of Texas v. City of San Marcos; et al.*

Dear Mr. Prine:

Appellees are in receipt of Appellant's post-submission letter dated February 13, 2025 and offer the following in response for the Court's consideration in the disposition of this appeal. I would respectfully request that you please distribute this letter to Chief Justice Brister, Justice Farris, and Justice Field.

The authority cited in the State's post-submission briefing does not address the issue of remedies. More importantly, the authority certainly does not stand for the proposition that repeal is an available remedy here. In neither of these cases did the Supreme Court order repeal to remediate a void ordinance or initiative.

Both cases involved a citizen referendum to repeal an existing ordinance—not an attempt by the people to adopt an ordinance and order to the City to undo it. *In re Woodfill*, 470 S.W.3d 473, 475 (Tex. 2015) (Houston residents "filed a referendum petition requesting the City Council to reconsider and repeal its equal rights ordinance and, if it did not repeal the ordinance, to put it to popular vote"); *In re Williams*, 470 S.W.3d 819, 820 (Tex. 2015). The conditional writ ordered by the Supreme Court was not that the ordinance should be repealed; it was a directive to the City to act on the initiative or hold an election for the citizens to act on it.

The State mischaracterizes the holding, as well as the duties and grant of authority of a municipal government and this Court. The conclusion the State advises the Court to adopt would not follow case law, but rather disturb settled

---

Lloyd Gosselink Rochelle & Townsend, P.C.

precedent in this area. In the cases involving the Houston ordinance, the City Council refused to adopt the action proposed by the citizens or give the citizens the right to vote themselves. Neither case holds that a court can order repeal of an ordinance adopted by the people. The proposition brought by the San Marcos citizens was not to repeal an ordinance, but to adopt an ordinance. Following the courts' reasoning in both *Williams* and *Woodfill*, the City Council had a ministerial obligation to either adopt the ordinance itself or put it on the ballot.

The chief act at issue in this appeal, adoption of the Enforcement Ordinance by the people, is not a workaround for City action—it's an example of citizens actively participating in their government. *In re Morris*, 663 S.W.3d 589, 597–98 (Tex. 2023) ("The initiative process . . . affords direct popular participation in lawmaking."). In fact, as recognized in the authority cited by the State in its letter brief, "'the power of . . . referendum . . . is the exercise by the people of power reserved to them,' **and this power should be protected**." *Woodfill*, 470 S.W.3d at 475, *citing Taxpayers' Ass'n of Harris Cnty. v. City of Houston*, 105 S.W.2d 655, 657 (Tex. 1937) (emphasis added); *see also Morris*, 663 S.W.3d at 598 ("The power of initiative is reserved to the people, not granted to them.").

These two cases are consistent with the Supreme Court precedent previously cited by Appellees. Last year the Supreme Court reiterated its longstanding position that to do anything *other* than hold and canvas an election for a citizen petition that meets all administrative requirements would be a violation of a ministerial obligation. *In re Rogers*, 690 S.W.3d 296, 301 (Tex. 2024) ("once it is determined that the requisite signatures were included, the mandatory duty to call the election arises, leaving no room for the exercise of any discretion," and "our precedents reflect a strong preference in favor of holding elections on qualified ballot measures even where there is some question about whether the measure, if passed, would be subject to valid legal challenge")[1]; *see also Glass v. Smith*, 244 S.W.2d 645, 653 (Tex. 1951) ("When the people exercise their rights and powers under the initiative provisions of a city charter . . . the City Council . . . become ministerial officers in the legislative process, burdened with the mandatory obligations of performing the duties imposed upon them incidental to carrying out the initiative procedure.").

That is what *Woodfill* and *Williams* speak to—the ministerial obligation to either act on a citizen initiative or put it on a ballot for a vote of the people. As

---

[1] If a proposition receives the majority of the votes, it passes. The State is effectively trying to bring an election contest without calling it such. *See In re Morris*, 663 S.W.3d 589, 598 (Tex. 2023) ("The City Council's duty is to place the proposed amendment before the voters. We have held that even concerns about the constitutionality of an amendment are no justification for it to refuse to do otherwise . . . [w]hether the [proposition] violates the Local Government Code or other state law, and the remedy for such violations, are questions that the courts may resolve in an election contest or other post-election proceeding if the proposition passes.")

*Woodfill* says, for the City to have done anything other hold the election and certify the results would "thwart[]....the will of the public." *Woodfill*, 470 S.W.3d at 481, citing *Coalson v. City Council of Victoria*, 610 S.W.2d 744, 747 (Tex. 1980)(orig. proceeding).

Repeal is not a remedy on the table in this case. As further set out in the briefing before the Court and during oral argument, the City's only acts were in line with their ministerial obligations. The only actors who adopted any policy in this case were the people of San Marcos.

Preemption arguments notwithstanding, Texas Local Government Code Section 370.003 prohibits certain government actors and officials from taking action to adopt a policy but is silent on acts of self-governance and expression of public sentiment by the citizens. Further, the statute is about prohibition, not affirmative obligation, including the affirmative obligation of City Council to undo a vote of the citizens. For this Court to order such would not only ignore the sound discretion of the trial court, but would in fact "thwart the will of the public" and the exercise of inherent right by the people of this state that Texas courts have long protected.

Sincerely,

*/s/ Gabrielle C. Smith*
Gabrielle C. Smith

Counsel for Appellees

GCS/cad
cc:     All counsel of record (via efile)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cathy Daniels on behalf of Gabrielle Smith
Bar No. 24093172
cdaniels@lglawfirm.com
Envelope ID: 97624690
Filing Code Description: Letter
Filing Description: Correspondence from Attorney Gabrielle Smith post-argument
Status as of 2/21/2025 7:02 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jose De La Fuente | 793605 | jdelafuente@lglawfirm.com | 2/20/2025 5:06:05 PM | SENT |
| James Parker | 24027591 | jparker@lglawfirm.com | 2/20/2025 5:06:05 PM | SENT |
| Johnathan Stone | 24071779 | Johnathan.Stone@oag.texas.gov | 2/20/2025 5:06:05 PM | SENT |
| Gabrielle Smith | 24093172 | gsmith@lglawfirm.com | 2/20/2025 5:06:05 PM | SENT |
| Barbara Quirk | 16436750 | bquirk@sanmarcostx.gov | 2/20/2025 5:06:05 PM | SENT |
| Sydney Sadler | 24117905 | ssadler@lglawfirm.com | 2/20/2025 5:06:05 PM | SENT |
| Jacob Przada | 24125371 | jprzada@legalstrategy.com | 2/20/2025 5:06:05 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 2/20/2025 5:06:05 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 2/20/2025 5:06:05 PM | SENT |